United States District Court
Southern District of Texas
**ENTERED**
April 21, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELWYN and VERA ZYGA SHAW, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-18-3458 |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, | § § § § | |
| Defendant. | § | |

## MEMORANDUM AND OPINION

After Hurricane Harvey hit Houston in 2017, Elwyn and Vera Shaw filed a claim for the flood damage to their home. Their insurer, American Bankers Insurance Company of Florida, denied the claim. The Shaws then sued American Bankers for breach of contract, and American Bankers moved for summary judgment. (Docket Entry No. 39). The Shaws have not responded. Based on the motion, the record, and the applicable law, the court grants the motion and enters final judgment by separate order. The reasons are explained below.

**I.   Background[1]**

The National Flood Insurance Act of 1968, 42 U.S.C. § 4001, *et seq.*, established the National Flood Insurance Program. *Gallup v. Omaha Prop. & Cas. Ins. Co.*, 434 F.3d 341, 342 (5th Cir. 2005). Under that Program, FEMA issued regulations promulgating the Standard Flood Insurance Policy and authorizing certain private insurers, operating as "'Write Your Own'

---

[1] The facts presented here come from the complaint and American Bankers' motion for summary judgment because the Shaws did not file a response. *See Flowers v. Deutsche Bank Nat'l Tr. Co.*, 614 F. App'x 214, 215 (5th Cir. 2015) ("The failure to respond to a summary judgment motion leaves the movant's facts undisputed." (citing *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988))); FED. R. CIV. P. 56(e)(2) ("If a party . . . fails to properly address another party's assertion of facts as required by Rule 56(c), the court may[] . . . consider the fact undisputed for purposes of the motion.").

('WYO') companies," to issue that Policy in their own names, as well as to adjust, settle, pay, and defend related claims. *Id.* The Policy terms, rate structures, and costs are set by the FEMA regulations. *Id.* Claims are paid from the U.S. Treasury. *Id.*; *see also Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531–32 (5th Cir. 2015) (discussing the program).

American Bankers, as a WYO company, issued the Shaws a Standard Flood Insurance Policy. (Docket Entry No. 1 at ¶ 3). That Policy was in effect when Hurricane Harvey hit Houston in 2017. The Shaws allege that the hurricane flooded their home, resulting in substantial property damage. (*Id.* at ¶¶ 10–11).

After the Shaws filed a claim, American Bankers sent a third-party insurance adjuster to inspect the property. (*Id.* at ¶ 13). The Shaws allege that the inspector did not come into the house to conduct the inspection. (*Id.*). Based on the inspectors' final report that "there were no visible signs of covered flood damage," American Bankers denied the claim. (Docket Entry No. 39-1). The Shaws allege that they hired an expert, who "thoroughly examine[d] the damage . . . and present[ed] a detailed itemization of the losses," and that they filed a supplemental proof of loss. (Docket Entry No. 1 at ¶ 14). American Bankers again denied the claim. (*Id.* at ¶ 15).

In September 2018, the Shaws sued American Bankers, asserting a claim for breach of contract. (Docket Entry No. 1 at ¶¶ 16–24). American Bankers has moved for summary judgment, (Docket Entry No. 39), and the Shaws have not responded.

## II.   Analysis

### A.   The Legal Standard for Summary Judgment

"Summary judgment is appropriate only if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (per curiam) (quotation marks omitted); Fed. R. Civ. P. 56(a).

"A genuine dispute of material fact exists if a reasonable jury could enter a verdict for the non-moving party." *Doe v. Edgewood Indep. Sch. Dist.*, 964 F.3d 351, 358 (5th Cir. 2020). The moving party "bears the initial responsibility of . . . demonstrat[ing] the absence of a genuine issue of material fact," *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (citation and quotation marks omitted), and "identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 301–02 (5th Cir. 2020) (citation and quotation marks omitted). While the party moving for summary judgment must demonstrate the absence of a genuine and material factual dispute, it does not need to negate the elements of the nonmovant's case. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017) (per curiam) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 n.16 (5th Cir. 1994) (per curiam)). "A fact is material if its resolution could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020) (citation and quotation marks omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (citation and quotation marks omitted).

When the moving party has met its burden, "the nonmoving party cannot survive a summary judgment motion by resting on the mere allegations of its pleadings." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Willis v. Cleco Corp.*, 749

F.3d 314, 317 (5th Cir. 2014). "This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citation and quotation marks omitted). In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Darden v. City of Fort Worth*, 880 F.3d 722, 727 (5th Cir. 2018).

### B.    The Claim for Policy Breach

Disputes over American Bankers' claim handling under the Policy are "'governed exclusively'" by FEMA regulations, the National Flood Insurance Act of 1968, as amended, and federal common law. *Gallup*, 434 F.3d at 343 (quoting 44 C.F.R. pt. 61, App. A(1), Art. IX (2001)); *accord Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754–55 & n.17 (5th Cir. 2009). Because payouts under the Policy come from the U.S. Treasury, the Policy provisions "must be strictly construed and enforced." *Ferraro*, 796 F.3d at 532 (quotation marks omitted).

American Bankers asserts that there is no genuine factual dispute material to denying the claim. (Docket Entry No. 39 at 9–10). The Shaws must raise a factual dispute as to the existence of flood damage to avoid summary judgment on their breach-of-contract claim. *See Flowers*, 614 F. App'x at 215 ("Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact." (citing *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 586 (1986)); *Bull's Corner Restaurant, Inc. v. Director, Federal Emergency Management Agency*, 759 F.2d 500, 503 (5th Cir. 1985) ("The burden of proof was on appellant to establish that there had been general flooding at that time."); *Allender v. Farmers Ins. Exchange*, No. C04-1305C, 2005 WL 2922051 at *1 (W.D.

4

Wash. Nov. 4, 2005) ("Absent the occurrence of a flood, plaintiffs are not entitled to benefits under the SFIP.").

American Bankers relies on the letter that it sent to the Shaws, in which it summarized the inspector's finding that "there were no visible signs of covered flood damage to the insured structure and/or contents." (Docket Entry No. 39-1 at 2). The Shaws have not presented or pointed to any record evidence in response, despite alleging in the complaint that they hired an expert to inspect their property and itemize the flood damage. (Docket Entry No. 1 at ¶ 14).

Although Hurricane Harvey brought substantial flooding to Houston, that does not satisfy the Shaws' burden of raising a factual dispute as to whether their property was flooded. *See Bull's Corner,* 759 F.2d at 503 ("It is obvious that uniform amounts of rain do not fall over an area the size of New Orleans. But even if they did, differences in topography create wide differences in flooding potential."); *Donahue v. Am. Family Mut. Ins. Co.*, No. Civ. 04-3878DWFAJB, 2006 WL 549389 at *5 (D. Minn. Mar. 6, 2006) ("The Court rejects [the plaintiff's] assertion that because [the city] received rainstorms between June 23 and June 25, 2003, the trier of fact may conclude that heavy rains had inundated the area."); *Mussoline v. Morris*, 692 F. Supp. 1306, 1316 (S.D. Fla. 1987) ("[T]he correct focus must be upon the plaintiffs' immediate neighborhood, rather than the Miami area, and upon the amount of damage sustained by neighborhood premises, to determine whether a general condition of flooding was present." (citing *Bull's Corner*, 759 F.2d at 503)).

There is no genuine factual dispute material to determining whether the Shaws' home experienced flood damage because no record evidence supports that finding. American Bankers is entitled to summary judgment on the breach-of-contract claim as a matter of law.

## III.  Conclusion

American Bankers' motion for summary judgment, (Docket Entry No. 39), is granted. Final judgment is entered by separate order.

SIGNED on April 21, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge