United States District Court
Southern District of Texas
**ENTERED**
July 22, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELWYN and VERA ZYGA SHAW, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3458 |
| | § | |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Elwyn and Vera Shaw filed a flood-damage claim under their homeowner's policy with American Bankers Insurance Company of Florida. After American Bankers denied the claim, the Shaws sued for breach of contract. American Bankers moved for summary judgment, and the Shaws did not respond. In April 2021, the court granted the motion and dismissed the Shaws' claims with prejudice. (Docket Entry Nos. 41, 42). The Shaws have moved for a new trial and for relief from judgment under Rules 59(a), 59(e), and 60(b), and American Bankers has responded. (Docket Entry Nos. 43, 44). Based on the motion, the response, the record, and the applicable law, the court denies the motion. The reasons are explained below.

I.  The Legal Standards

   A.   Rules 59(a) and 59(e)

Relief under Rule 59(a) is inappropriate following the entry of summary judgment. *See, e.g., Piazza's Seafood World, LLC v. Odom*, 448 F.3d 744, 748 n.9 (5th Cir. 2006) ("The district court correctly characterized and analyzed the . . . Rule 59(a) motion for new trial as a Rule 59(e) motion to reconsider entry of summary judgment."); *United States v. 16,540 in U.S. Currency*, 273 F.3d 1094, 2001 WL 1085106, at *2 (5th Cir. 2001) (per curiam) ("Because there was no trial, [the

plaintiff's] motion for a 'new trial' following summary judgment was inappropriate[] . . . the motion should have been construed as a motion for reconsideration pursuant to Rule 59(e)."). The court construes the Rule 59(a) motion as a Rule 59(e) motion for reconsideration.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (quotation marks omitted). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479. "The Rule 59(e) standard favors the denial of motions to alter or amend a judgment." *Willbern v. Bayview Loan Servicing, L.L.C.*, No. 20-20129, 2021 WL 126419, at *3 (5th Cir. Jan. 13, 2021) (per curiam) (citing *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)). A party moving for this relief must satisfy "at least one of" the following criteria: "(1) the motion is necessary to correct a manifest error of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3) the motion is necessary . . . to prevent manifest injustice; and (4) the motion is justified by an intervening change in the controlling law." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 305 F. Supp. 3d 711, 717 (E.D. La. 2018).

    **B.**    **Rule 60(b)**

Rule 60(b)(1) permits relief "from a final judgment, order, or proceeding" for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Mistakes can include an "obvious error of law, apparent on the record." *In re Grimland, Inc.*, 243 F.3d 228, 233 (5th Cir. 2001). Rule 60(b) balances "the principle of finality of a judgment with the interest of the court

in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)).

Granting a Rule 60(b) motion requires "extraordinary circumstances" justifying relief. *Pryor v. U.S. Postal Service*, 769 F.2d 281, 287 (5th Cir. 1985); *In re Pettle*, 410 F.3d 189, 191 (5th Cir. 2005) ("relief under Rule 60(b) is considered an extraordinary remedy" (quotation marks omitted)). A Rule 60(b) motion should not be used "to provide an avenue for challenges of mistakes of law that should ordinarily be raised by timely appeal." *Pryor*, 729 F.2d at 286; *Halliburton Energy Servs. v. NL Indus.*, 618 F. Supp. 2d 614, 620 (S.D. Tex. 2009) (review under Rule 60(b) is narrower than review on direct appeal). A Rule 60(b) motion may be granted to correct an "obvious error of law" when that error "involve[s] a fundamental misconception of the law or a conflict with a clear statutory mandate." *In re Grimland, Inc.*, 243 F.3d at 233.

**II.     Analysis**

The court previously granted summary judgment in favor of American Bankers because no record evidence supported the finding that the Shaws' home experienced water damage caused by a "flood," as defined by their insurance policy. (Docket Entry No. 41 at 5). The Shaws argue that relief under Rule 59(e) or 60(b) is warranted because, while they did not respond to the motion for summary judgment, record evidence supported denying the motion. They also argue that additional record evidence, attached to their motion, supports denial of the summary judgment motion. The newly submitted evidence includes: the Shaws' responses to written discovery, which were served on American Bankers; a notice of deposition for Elwyn Shaw; an affidavit of Todd C. Collins, the Shaws' counsel; an affidavit of Lesley Sanders, Todd Collins's legal assistant; and a water-damage assessment report from an architecture and interior design firm. (Docket Entry No. 43 at 1–2; Docket Entry Nos. 43-2, 43-3, 43-4, 43-5, 43-6, 43-7, 43-8); *see Williams v. Lyondell-Citgo Ref. Co.*, 247 F. App'x 466, 471 (5th Cir. 2007) ("If the party seeking

3

reconsideration attaches additional materials to its motion that were not presented to the trial court for consideration at the time the court initially ruled on the summary judgment motion, the district court may consider those materials at its own discretion." (citation omitted)).

The record evidence, even supplemented with the Shaws' new evidence, does not support the relief sought. The Shaws' Policy defines "flood" as:

> 1. A general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (one of which is [the Shaws'] property) from:
>
>> a. Overflow of inland or tidal waters,
>>
>> b. Unusual and rapid accumulation or runoff of surface waters from any source, [or]
>>
>> c. Mudflow.
>
> 2. Collapse or subsidence of land along the shore of a lake or similar body of water as a result of erosion or undermining caused by waves or currents of water exceeding anticipated cyclical levels that result in a flood as defined in A.1.a. above.

44 C.F.R. § Pt. 61, App. A(1).

Although the Shaws' evidence supports an inference that water entered and damaged their property, it does not support the inference that the water damage resulted from a "flood," as defined by the Policy. The Shaws state that the record "show[s] that water damage did exist and that the water damage resulted from rising water during Hurricane Harvey." (Docket Entry No. 43 at 10). Even taking that as true, the existence of water damage caused by a hurricane does not show that a "flood," as defined by the Policy, caused the damage. The Shaws have not identified any record evidence showing that two or more properties or acres were inundated or that their property was adjacent to a lakeshore and damaged by a "flood" caused by abnormal waves or currents.

The Shaws' burden of showing that a "flood" occurred within the Policy terms is not satisfied by the fact that Hurricane Harvey brought substantial flooding to the Houston area. *See Bull's Corner Restaurant, Inc. v. Director, Federal Emergency Management Agency,* 759 F.2d

500, 503 (5th Cir. 1985) ("It is obvious that uniform amounts of rain do not fall over an area the size of New Orleans. But even if they did, differences in topography create wide differences in flooding potential."); *Donahue v. Am. Family Mut. Ins. Co.*, No. Civ. 04-3878DWFAJB, 2006 WL 549389 at *5 (D. Minn. Mar. 6, 2006) ("The Court rejects [the plaintiff's] assertion that because [the city] received rainstorms between June 23 and June 25, 2003, the trier of fact may conclude that heavy rains had inundated the area."); *Mussoline v. Morris*, 692 F. Supp. 1306, 1316 (S.D. Fla. 1987) ("[T]he correct focus must be upon the plaintiffs' immediate neighborhood, rather than the Miami area, and upon the amount of damage sustained by neighborhood premises, to determine whether a general condition of flooding was present." (citing *Bull's Corner*, 759 F.2d at 503)).

The Shaws have not shown either that the court committed a manifest error of law or fact or that exceptional circumstances exist. Relief under Rule 59(e) or 60(b) is not warranted.

### III.  Conclusion

The Shaws' motion, (Docket Entry No. 43), is denied.

SIGNED on July 22, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge